APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Naeemah West                          :
                                      :
             V.                       :        Civil Action
                                      :        No: _____
InterContinental Hotels Group, PLC    :
                                      :

DISCLOSURE STATEMENT FORM

Please check one box:

☑        The nongovernmental corporate party, International Hotel Group, PLC _____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

         International Hotels Group PLC is a company incorporated and registered in England and Wales
         _____
         _____
         _____

     5/7/2021
_____        _____
         Date                                         Signature

                         Counsel for:   Defendant _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
       two copies of a disclosure statement that:

       (1)    identifies any parent corporation and any publicly held corporation
              owning 10% or more of its stock;  or

       (2)    states that there is no such corporation.

(b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

       (1)    file the disclosure statement with its first appearance, pleading,
              petition, motion, response, or other request addressed to the court;
              and

       (2)    promptly file a supplemental statement if any required information
              changes.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___5322 Saul Street, Philadelphia, PA 19124___

Address of Defendant: ___Broadwater Park, Denham Buckinghamshire, United Kingdon___

Place of Accident, Incident or Transaction: ___Atlanta, Georgia___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___05/07/2021___    ___*signature*___    ___32330___
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Thomas P. Bracaglia___, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: ___05/07/2021___    ___*signature*___    ___32330___
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Naeemah West | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| InterContinental Hotels Group, PLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| | | |
|---|---|---|
| 5/7/2021 | _(signature)_ | Defendant |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-4558 | 215-575-0856 | tpbracaglia@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 – Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Naeemah West

## DEFENDANTS

InterContinental Hotels Group, PLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   England and Wales
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph Chaiken, Esquire; 1800 John F. Kennedy
Boulevard; Suyite 810, Phila PA 19103; 215-564-1800

Attorneys *(If Known)*

Thomas P. Bracaglia, Esquire; Marshall Dennehey Warner
Coleman and Goggin, 2000 Market Street, Suite 2300,
Phila. PA 19103 - 215-575-4558

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, 1446

Brief description of cause:
Negligence/personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
5/7/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAEEMAH WEST | : | CIVIL ACTION – LAW |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| INTERCONTINENTAL HOTEL GROUP PLC | : | |
| also known as INTERCONTINENTAL HOTEL | : | |
| GROUP also known as IHG HOTELS and | : | |
| RESORTS also known as IHG also known as | : | |
| INTERCONTINENTAL HOTELS GROUP PLC | : | |
| all doing business as  CROWNE PLAZA | : | |
| ATLANTA AIRPORT HOTEL | : | |
| | : | |
| | : | |
| Defendant | : | NO. |

## <u>NOTICE OF REMOVAL</u>

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
      EASTERN DISTRICT OF PENNSYLVANIA

Defendant, InterContinental Hotels Group, PLC (incorrectly captioned as InterContinental

Hotels Group, PLC a/k/a InterContinental Hotel Group a/k/a IHG Hotels and Resorts a/k/a IHG

a/k/a InterContinental Hotels Group PLC all d/b/a Crown Plaza Atlanta Airport Hotel) (hereinafter

"defendant") by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby

removes this action to the United States District Court for the Eastern District of Pennsylvania

pursuant to 28 U.S.C. §1332 and §1441.  In accordance with the provisions of 28 U.S.C. §1446,

defendant respectfully states as follows:

1.      Plaintiff, Naeemah West commenced this personal injury action by filing a

complaint against defendant in the Philadelphia Court of Common Pleas on or about April 12,

2021.  (See Complaint attached hereto as Exhibit "A" ).

2.      Plaintiff sent a copy of the complaint by United States mail on April 13, 2021 to: Intercontinental Hotel Group, PLC d/b/a Crown Plaza Atlanta Airport, 3 Ravinia Drive, Suite 100, Atlanta, GA 30346.  (See Exhibit "A").

3.      Plaintiff alleges in the complaint that she "is an individual, citizen and resident of the Commonwealth of Pennsylvania" and that she resides at 5322 Saul Street, Philadelphia, PA 19124. (See Exhibit "A", paragraph 1).

4.      Plaintiff further alleges in her complaint that the defendant "is not a citizen of the United States of America" (Exhibit "A", paragraph 5).

5.      Defendant is a public limited company incorporated formed and existing under the laws of the United Kingdom with a principal place of business located at Broadwater Park, Denham, Buckinghamshire, 5HR UB9, United Kingdom.  (*See* Companies House Entity Details for Intercontinental Hotels Group, PLC attached as Exhibit "B").

6.      Defendant's citizenship is therefore diverse from plaintiff's citizenship, and defendant is not a citizen of the Commonwealth of Pennsylvania.  See 28 U.S.C. §1332(c)(1) ("for purposes of this section and §1441 … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

7.      Defendant now exercises its right under 28 U.S.C. §1441, *et seq*. to remove this action from the Philadelphia Court of Common Pleas, in which said case is now pending under the name and caption, *Naeemah West v. InterContinental Hotels Group, PLC (incorrectly captioned as InterContinental Hotels Group, PLC a/k/a InterContinental Hotel Group a/k/a IHG Hotels and Resorts a/k/a IHG a/k/a InterContinental Hotels Group PLC all d/b/a Crown Plaza Atlanta Airport Hotel)*, April Term, 2021, No. 00856.

8.      Plaintiff alleges that on September 16, 2019, she was injured at the Crowne Plaza Atlanta Airport Hotel when a trash can fell over and struck her leg.  Plaintiff alleges that she sustained "a significant injury to her leg, underwent extensive medical treatment and incurred medical bills, had to have surgery and therapy and diagnostic studies all in an effort to cure and ameliorate her injuries".  Plaintiff further alleges that she has "suffered pain and suffering and loss of life's pleasures and will likely do so in the future; she has been and may be prevented from attending to her usual duties, avocation and occupation such that she has lost, and may in the future lose earnings or earning capacity due to the accident; along with other injuries and damages, all of which are or may be permanent". (Exhibit "A", paragraphs 9 & 11).

9.      Based on the allegations in the complaint and the information known about Plaintiff's claims, the amount of the matter in controversy is believed to be in excess of, $75,000.00, exclusive of interest and costs. (Exhibit "A", paragraph 11 and the Wherefore Clause). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ( "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

10.      This Honorable Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, as this is a civil action in which defendant's citizenship is diverse from plaintiff's citizenship, defendant is not a citizen of the Commonwealth of Pennsylvania and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Id*.

11.      This lawsuit is accordingly removable from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of

Pennsylvania pursuant to 28 U.S.C. §1441 and §1446.

12.     This Notice of Removal has been filed within thirty (30) days of receipt of plaintiff's complaint.

13.     By filing this Notice of Removal, defendant does not intend to waive, and hereby reserves, all objections as to service, personal jurisdiction, and all other defenses.

14.     Written notice of the filing of this Notice of Removal has been provided to plaintiff in accordance with 28 U.S.C. §1446(d), as noted in the attached certificate of service.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Court of Common Pleas of Philadelphia County and copies of the same have been served upon all counsel as verified by the attached certificate of service.

**WHEREFORE,** Defendant, InterContinental Hotels Group, PLC (incorrectly captioned as InterContinental Hotels Group, PLC a/k/a InterContinental Hotel Group a/k/a IHG Hotels and Resorts a/k/a IHG a/k/a InterContinental Hotels Group PLC all d/b/a Crown Plaza Atlanta Airport Hotel), respectfully requests that this action be removed from the Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

> **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
>
> **/s/ Thomas P. Bracaglia**
>
> BY: _____
> THOMAS P. BRACAGLIA, ESQUIRE
> Attorney Identification No. 32330
> 2000 Market Street, Suite 2300
> Philadelphia, PA 19103
> Tele:   215-575-4558
> Fax:    215-575-0856
> Email:  tpbracaglia@mdwcg.com
>
> *Attorney for Defendant*

4

COMMONWEALTH OF PENNSYLVANIA :

                                                    SS

COUNTY OF PHILADELPHIA                    :

## *A F F I D A V I T*

THOMAS P. BRACAGLIA, ESQUIRE, being duly sworn according to law deposes and says

that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his

knowledge, information and belief.

THOMAS P. BRACAGLIA

SWORN AND SUBSCRIBED TO

ME THIS 4th DAY OF May , 2021

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Jeanette Roach, Notary Public
Montgomery County
My commission expires August 12, 2022
Commission number 1020350
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF SERVICE

I, Thomas P. Bracaglia, Esquire, attorney for Defendant, InterContinental Hotels Group, PLC (incorrectly captioned as InterContinental Hotels Group, PLC a/k/a InterContinental Hotel Group a/k/a IHG Hotels and Resorts a/k/a IHG a/k/a InterContinental Hotels Group PLC all d/b/a Crown Plaza Atlanta Airport Hotel), hereby certify that a true and correct copy of the foregoing Notice of Removal was served via first class mail, postage prepaid, upon the following:

Joseph Chaiken, Esquire
Joseph Chaiken & Associates, P.C.
1800 John F. Kennedy Boulevard – Suite 810
Philadelphia, PA  19103
Jchaiken@jchaikenlaw.com
*Attorney for Plaintiff, Naeemah West*

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

*/s/ Thomas P. Bracaglia*

BY: _____

THOMAS P. BRACAGLIA, ESQUIRE
Attorney Identification No. 32330
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Tele:    215-575-4558
Fax:     215-575-0856
Email:  tpbracaglia@mdwcg.com
*Attorney for Defendant*

DATED:  May 7, 2021

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **APRIL 2021**     **000856** |
| | E-Filing Number: 2104021028 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NAEEMAH WEST | INTERCONTINENTAL HOTELS GROUP PLC, ALIAS: D/B/A CROWNE PLAZA ATLANTA AIRPORT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5322 SAUL STREET PHILADELPHIA PA 19124 | 3 RAVINIA DRIVE SUITE 100 ATLANTA GA 30346 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | APR **12** 2021<br><br>**S. RICE** | YES     NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>NAEEMAH WEST</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH CHAIKEN | 1800 J.F.K. BLVD SUITE 810 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)564-1800 | (215)564-5524 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 31187 | jchaiken@jchaikenlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JOSEPH CHAIKEN* | Monday, April 12, 2021, 03:10 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

JOSEPH CHAIKEN & ASSOCIATES, P.C.
BY: Joseph Chaiken, Esquire – 31187
1800 John F. Kennedy Boulevard – Suite 810
Philadelphia, Pennsylvania  19103
(215) 564-1800
jchaiken@jchaikenlaw.com



Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
12 APR 2021 03:10 pm
S. RICE

| | |
|---|---|
| Naeemah West | : IN THE COURT OF COMMON PLEAS OF |
| 5322 Saul Street | : PHILADELPHIA COUNTY |
| Philadelphia, PA 19124 | : |
| | : |
| v. | : |
| | : |
| InterContinental Hotels Group PLC | : |
| also known as InterContinental Hotel Group | :     TERM, 2021 |
| also known as IHG Hotels and Resorts | : |
| also known as IHG | :   NO.: |
| also known as InterContinental Hotels | : |
| Group PLC | : |
| Broadwater Park | : |
| Denham,Buckinghamshire | : |
| UB9 5HR, UK | : |
| | : |
| And | : |
| | : |
| 3 Ravinia Drive | : |
| Suite 100 | : |
| Atlanta, GA 30346-2149 | : |
| all doing business as Crowne Plaza | : |
| Atlanta Airport Hotel | : |

## NOTICE TO DEFEND
### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Telephone: (215) 238-6333
Philadelphia, Pennsylvania 19107

Case ID: 210400856

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

ASSOCIATION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefona: (215) 238-6333
TTY: (215) 451-6197

**JOSEPH CHAIKEN & ASSOCIATES, P.C.**
By: Joseph Chaiken, Esquire, Attorney I.D. No.31187
1800 John F. Kennedy Boulevard, Suite 810
Philadelphia, Pennsylvania 19103                    ATTORNEY FOR PLAINTIFF
(215) 564-1800
jchaiken@jchaikenlaw.com

| | |
|---|---|
| Naeemah West | : IN THE COURT OF COMMON PLEAS OF |
| 5322 Saul Street | : PHILADELPHIA COUNTY |
| Philadelphia, PA 19124 | : |
| | : |
| v. | : |
| | : |
| InterContinental Hotels Group PLC | : |
| also known as InterContinental Hotel Group | :                    TERM, 2021 |
| also known as IHG Hotels and Resorts | : |
| also known as IHG | :          NO.: |
| also known as InterContinental Hotels | : |
| Group PLC | : |
| Broadwater Park | : |
| Denham,Buckinghamshire | : |
| UB9 5HR, UK | : |
| | : |
| And | : |
| | : |
| 3 Ravinia Drive | : |
| Suite 100 | : |
| Atlanta, GA 30346-2149 | : |
| all doing business as Crowne Plaza | : |
| Atlanta Airport Hotel | : |

## CIVIL ACTION COMPLAINT

1.  Plaintiff is an individual, citizen and resident of the Commonwealth of Pennsylvania residing therein at the address listed above.

2.  Defendant InterContinental Hotel Group, Inc. aka IHG Hotels and Resorts, aka IHG Hotels and Resorts, aka InterContinental Hotels Group PLC, aka IHG [hereinafter collectively and individually referred to as IHG] were at all times material hereto doing business out of the location set forth above in Denham England, and at the U.S. headquarters located at 3 Ravinia Drive Suite 100, Atlanta, Georgia 30346-2149.

Case ID: 210400856

3.  At all times material hereto, IHG was doing business under the fictitious name the Crowne Plaza Hotel Atlanta Airport which is located at the address listed above.

4.  At all times material hereto each of the defendants were acting through each of their agents and employees acting within the course and scope of their business and authority.

5.  IHG is not a citizen of the United States of America. It is a British Corporation doing business in the United States.

6.  Plaintiff purchased an IHG time share in Philadelphia, Pennsylvania.  She was invited by IHG when she was in Philadelphia to use her time share at the Crowne Plaza Atlanta Airport Hotel at the address listed above.

7.  IHG owned, possessed, maintained and operated the Crowne Plaza Atlanta Airport Hotel.

8.  IHG does business in the City of Philadelphia, Commonwealth of Pennsylvania as it owns, possesses, maintains, controls, and operates a number of hotels in Philadelphia including the Crowne Plaza Hotel, Holiday Inns, and Kimpton Hotels.

9.  On or about September 16, 2019, Plaintiff was a guest at the Crowne Plaza Atlanta Airport Hotel, when due to the negligence and carelessness of the Defendants, (who were common carriers, and owed her the highest duty of care), she was caused to sustain serious personal injury when a trash can which was not properly positioned and supported fell over and struck her in the back of the right leg.

10.  Defendants were negligent and careless in inter alia failing to secure the trash can; allowing it to get overfilled, placing it in a precarious position, designing the hotel so that trash cans such as the one involved in the incident could be placed in such location, failing to warn the Plaintiff and others of the danger, failing to provide safe trash cans, failing to provide trash cans which were stable and otherwise acting in a careless and negligent manner.

11. As a result of the defendants' negligence Plaintiff sustained a significant injury to her leg, underwent extensive medical treatment and incurred medical bills, had to have surgery and

therapy, and diagnostic studies all in an effort to cure and ameliorate her injuries.  She has suffered pain and suffering and loss of life's pleasures and will likely do so in the future; she has been and may be prevented from attending to her usual duties, avocation and occupation such that she has lost, and may in the future lose earnings or earning capacity due to the accident; along with other injuries and damages, all of which are or may be permanent.

12.  Philadelphia is the right forum for this case.  Defendant IHG does business here, Plaintiff lives here.  She was with many other friends from Philadelphia that saw the incident or are otherwise witnesses to her injuries initially and later; all of Plaintiff's doctors are located in Philadelphia, rather than in Atlanta.  If this case is brought in Atlanta Plaintiff would lose many of her witnesses who would be necessary to testify.

Wherefore, Plaintiff claims damages from each defendant in an amount in excess of $50,000. The amount requested requires submission of this matter to a jury trial.

JOSEPH CHAIKEN & ASSOCIATES, PC

Joseph Chaiken

By: _____

JOSEPH CHAIKEN, ESQ

## VERIFICATION

I, Joseph Chaiken, Esquire, states that he is the attorney for the Plaintiff in this action and verify that the facts upon which statements made in the foregoing pleading is based, to the best of my knowledge, information and belief, are true and correct.  The undersigned understand that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

JOSEPH CHAIKEN
_____
**JOSEPH CHAIKEN, ESQUIRE**

DATED: 4/12/21

Joseph Chaiken, Esq
Joseph Chaiken & Associates, PC
1800 JFK Blvd., Suite 810
Philadelphia, PA 19103

PHILADELPHIA PA 190

13 APR 2021 PM 6 L

FIRST-CLASS MAIL

Hasler
04/13/2021
US POSTAGE $000.71⁰

ZIP 19103
011E11680064

Intercontinental Hotel Group PLC
d/b/a Crowne Plaza Atlanta Airport
3 Ravinia Drive
Suite 100
Atlanta, GA 30346

30346-212125

# EXHIBIT "B"

# Cookies on Companies House services

We use some essential cookies to make our services work.

We'd also like to use analytics cookies so we can understand how you use our services and to make improvements.

Accept analytics cookies

Reject analytics cookies

View cookies (https://beta.companieshouse.gov.uk/help/cookies)

# Companies House

Companies House does not verify the accuracy of the information filed (http://resources.companieshouse.gov.uk/serviceInformation.shtml#compInfo)

INTERCONTINENTAL HOTELS GROUP PLC

Company number **05134420**

Registered office address
    Broadwater Park, Denham, Buckinghamshire, UB9 5HR

Company status
    Active

Company type
    Public limited Company

Incorporated on
    21 May 2004

## Accounts

Next accounts made up to **31 December 2021**
due by **30 June 2022**

Last accounts made up to **31 December 2020**

## Confirmation statement

Next statement date **30 June 2021**
due by **14 July 2021**

Last statement dated **30 June 2020**

## Nature of business (SIC)

- 55100 - Hotels and similar accommodation
- 70100 - Activities of head offices

## Previous company names

| Name | Period |
|------|--------|
| NEW INTERCONTINENTAL HOTELS GROUP PLC | 27 Apr 2005 - 27 Jun 2005 |
| NEW INTERCONTINENTAL HOTELS GROUP LIMITED | 24 Mar 2005 - 27 Apr 2005 |
| HACKREMCO (NO. 2154) LIMITED | 21 May 2004 - 24 Mar 2005 |

Tell us what you think of this service(link opens a new window) (https://www.research.net/r/S78XJMV) Is there anything wrong with this page? (link opens a new window) (https://beta.companieshouse.gov.uk/help/feedback?sourceurl=https://find-and-update.company-information.service.gov.uk/company/05134420)